America versus with Barr. Yes, good morning, your honor. Thank you for allowing me to appear before you. My name is Carol Dominguez Gillen. I represent Khalif Barr, the appellant here, and I would ask you to reserve three minutes on rebuttal. Granted. Thank you. The fourth element of Rahif was not, Rahif was not proven here. It wasn't charged in the indictment. The government didn't prove it, and the jury didn't consider it. That's plain error, and substantial rights were affected here. This, this court in the Nasir panel, Judge Rendell recently quoted Jones. She said affirming a conviction when the government has failed to prove each essential element of the crime beyond a reasonable doubt affects substantial rights, and it seriously impugns the fairness and integrity of the public reputation of the judicial proceedings. She also quoted Castro, fundamental miscarriage of justice occurs when the prosecution fails to prove an essential element of the offense. And that essential element of the offense after Rahif is that your client knew he was a prohibited person, knew he was a felon. How do we actually define what that element of the offense is going forward? So according to Rahif, Your Honor, the Supreme Court said that the way you determine that is by proving it in a trial. The defendant at the time they possessed the firearm must know that in their past they had a conviction for which the sentence may have exceeded over a year. All right. So that sounds like if Mr. Barr had actually spent 366 days in jail for one of his prior convictions, you would you would lose this argument. But as I understand it, you're saying you should win because he spent I think 267 days in jail. So he didn't spend a full year in jail and there's nothing else in the record to indicate that he knew at the time of this crime that his prior offense for which he spent 267 years in jail was punishable by a year and a day or more. Exactly, Your Honor. Khalif Barr was only ever sentenced to probation. At the time of his arrest, there was no proof that he knew that he was a felon. And in fact, he is precisely the example the Supreme Court was considering. The person that they were thinking of in their analysis. On page 8 of the Supreme Court's decision, they say these provisions might apply to a person who was convicted of a prior crime, but sentenced only to probation and who does not know that a crime is punishable by imprisonment for a term exceeding one year. That is exactly Khalif Barr. The date of this arrest in June 2nd of 2014, all he had were probationary sentences and none of those sentences... The 257 days in jail was for a probation violation? Yes, Your Honor. That is my understanding. Now, the government submitted a 28-J letter explaining that at some point, you know, my client served a greater sentence. That was after this offense, after this charge, after here. What was that greater sentence? How long was that? How long was that sentence, Your Honor? I believe that sentence, at least four years. But that was after he was charged here, after... Okay, so that, right, that doesn't count. Exactly. Didn't he stipulate that he was convicted of a crime? Punishment greater than a year? Correct. The stipulation was that he was convicted of a crime punishable for imprisonment for a term exceeding one year in the state of New Jersey prior to June 2nd of 2014. But that stipulation was the day we walked into court after having consulted with counsel and therein knowing that at the time we walked into court, in his past, he was convicted of this offense. Does that stipulation indicate he knew at the time he committed this crime that he was convicted of a felony or that at the time he stepped into court, he knew he was convicted of that crime? This stipulation indicates that at the time he stepped into court, he knew he was a convicted felon. So it sheds no light on what he knew at the time he committed this crime? It does not, Your Honor. It does not, Your Honor. And that's a necessary element that the government has to prove. And it cannot be inferred any other way. Is it enough to show, for the government to show that the actor knew he was, quote, a felon or does the actor need to know, what are we going to do with cases where the actor knows he was a felon, but he doesn't know that the federal definition of felony is crime punishable by a year and a day or more?  We're attorneys. We know what felonies are. Our clients come in. We're able to explain it to them. That's the government's burden. They have to be able to do that. In the cases that the government cited, they basically, they went back to cases where defendants had been sentenced to multiple different, they were sentenced multiple times, served extensive sentences, and later came back and said, I didn't know it was a felon. That's completely different. And do you concede that that's a loser for you? I mean, because, I don't know, putting my defense lawyer hat on, I would argue, hey, just because my guy spent 700 days in jail doesn't mean he knew he was a felon. Are we going to hear those arguments? Or is it a constructive knowledge issue that ignorance of the law is no excuse, and if someone spends 700 days in jail, ipso facto, they knew they were a prohibited person because 700 days is more than 365 days. I think that that's how generally we resolve the cases in federal court. We stipulate, we know, right, that the client should have known at that point. But the government, that's the government's burden. They'll be able to prove, I believe, at trial, that this defendant knew and here's the information. The likelihood is that a person that goes to prison well over a year knows that they're a felon. Well, that's what I'm getting at. You say likelihood. I'm trying to, and maybe I shouldn't be looking so broadly at these category of cases, but let's face it. I think we're all going to be busy with rife cases here in the next few years. So I'm asking for your able assistance as to, is it likelihood or is it an indubitable fact that the defendant is charged with constructive knowledge that he was a prohibited person if he previously spent more than 365 days in jail? So that's the government's position, that they had this constructive knowledge. Right, I'm asking what's your position in those cases? I know that doesn't hurt your client's case, but what's your position in those cases? Your Honor, my position in that case is that I don't think that that is, I think that's plausible. I think that that's a fair understanding. I think that that's a fair, the government will be able to prove that and I don't see any defendant standing back and saying, I didn't know I was a felon. I spent 700 days in prison. That is unbelievable. But that is a determination that a jury can make. Do they believe that that person didn't know that they were a felon after they spent so much time in prison? And is that, so that's a really interesting point. I'm wondering if that is a jury question. Is that a factual question or is it a legal question? Because the, you know, the normal stipulation that I was accustomed to seeing in the trial court was, seemed to be a stipulation of law. Or maybe it's a mixed question of fact and law because the law part of it is felony, the definition of a felony and the fact question, I suppose, is what the person had been charged with. Correct, correct. I think, Your Honor, I think that if I'm understanding you correctly, is the concern about opening the floodgates. How many defendants are going to come back and say that they did it? Well, it's not just that. I'm not concerned. I mean, the cases come, you know, and we deal with them. I'm more concerned about trying to ascertain what exactly needs to be proved in a Rahave case and what level of knowledge must the defendant have. And let's get back to this case. I shouldn't give you so many hypotheticals. But in this case, I suppose the issue is, was his prior offense a felony? And if so, did he know about it? Did he know it was a felony? Because just because he spent less than a year in jail doesn't mean that it wasn't a felony. In fact, there are many felonies where people, in fact, get suspended sentences or spend less than a year in jail, correct? Correct. The issue here is that Khalif only ever heard probation. That's all he heard. Probation, probation, probation. And, I mean, generally, you know, my clients don't really care what the title is. They want to know how much time they're getting. So. And there needs to be a trial on that. If we rule in your favor, it's a remand and a new trial. That's correct, Your Honor. So let me just play one hypothetical with this stipulation. If the stipulation was that he knew at the time, if he knew in 2014 that he had a prior felony conviction, then that stipulation would suffice. That would be an easy case, right? If he knew back then that he, not that he knew more recently, but if he knew at the time of his offense that he had a prior felony conviction, then this would be an easy case, right? Correct, if the date was inserted right into the stipulation. And so really what we have is we have a case where we're talking about a gap period. We know that he knew later on. We know that he was convicted earlier on in the question of another offense. And then the question becomes, what did he know on that time of his felony possession offense? Correct. And so part of it is, I guess, I mean, I suppose that it comes down to questions of how much can be inferred about that first offense and his later knowledge. It seems that some degree of inference is permitted, but the question is how much? Do you think that that's, it's a question of degree as opposed to a question of kind? It's a spin on time. It's a timing issue as to making that determination. I don't understand the court's specific question. The prior conviction was before the possession offense, right? Yes. How could he not know then on the day of the possession offense that he had been convicted of a felony? That's precisely it. All our client heard ever was probation. Did he know that probation really meant a felony? And there's no case that he didn't know that. I'm going back to the stipulation. When he stipulates that he was convicted of a felony prior to this offense. Right. He knows that he was convicted back before that. He knows it was a felony. That's the question. Does he know that it's a felony? At the time that he possesses the firearm, does he know that his status, having been convicted then, prohibits him from possessing this firearm? There's no proof of that. How does he know he cannot possess this firearm? You stipulated it. He knew it later. We know that he knew it later. The stipulation, however, doesn't have a specific date. It doesn't say, on June 2nd, 2014, when you were arrested, you knew that on that very day you were a felon and you couldn't possess the firearm. It's devoid of that specific date, that time. That's the moment you held the firearm, you knew you were a felon. That's not known. It's not elicited from the client. And Rahaf is clear. This is exactly, the Supreme Court said it has to be knowing. We want to make sure that we're dividing mistakes from criminal intentions. And who's to say that someone that always gets probation doesn't know that they're a felon? And Rahaf is exactly who the Supreme Court was talking about. What if the person only ever got probation, never got a sentence exceeding a year? How do they know they're a felon? The state court colloquy might answer the question. Maybe, yes. Yes, Judge. But the Supreme Court has already called it. All right. Thank you, Ms. Gillum. We'll hear you on rebuttal. We'll hear from Mr. Sanders. Good morning. I'm Stephen G. Sanders on behalf of the United States, the appellee in this matter. Can I jump right to the Rahaf issue? We have spent this morning talking only about the stipulation and nothing about what the defendant testified to in his case. And if we add to the stipulation his testimony, that he knew he was on probation for drug dealing, right? I think the average person in this country knows that drug dealing is a felony offense. It's punishable by more than one year, as opposed to possession, simple possession. So we know he has a stipulation. All drug dealing in all states, it's a felony everywhere? I haven't done research, but I think that's an accurate statement of the law. It may not, I mean, the degree of felony is probably- If a lawyer like yourself with expertise in the field thinks, how could we possibly charge a criminal defendant with knowledge of that? Well, but- You don't even know it indubitably. I don't know it- Well, I know as a matter of- How can we charge him with indubitable knowledge of it? Well, then let me walk through the steps. I mean, you're presumed to know the law, right? And in New Jersey, right, this was, I know this is outside the trial record. It's in the record on appeal. This was a third-degree offense. He got five years of probation, which is commensurate with the maximum penalty for his offense. Third-degree drug dealing in New Jersey carries a statutory maximum of five years imprisonment. He got five years of probation. The time he served, the 277 days, just to clear that up, is what he had spent in pretrial detention. And so in New Jersey, you can get a sentence in the county jail of up to 364 days as a condition of probation. He was credited with that. So let me jump back to the steps as I've articulated my brief about, because this is here on plain error review, which means my adversary bears the burden at prongs three and four of showing a reasonable probability. And I might be in a different position if all we had were this stipulation, although I have arguments about that as well, right, that a person who's been convicted of a felony doesn't likely forget that he or she's a felon, especially with Mr. Barr's testimony that he fled from the police because he knew he was on probation for drug dealing. He knew there was an accident warrant for his arrest, right? He then runs down the alley and discards the gun and he gives a false name. All those facts together, I think, are highly probative of his knowledge that he was a felon at the time. That's why he was. Maybe. I mean, yes, but we don't know. I mean, isn't the colloquy going to answer? He pleaded guilty to the state court offense, didn't he? He did. And I can. So, you know, we remanded you. I just don't see how a case like Hollingshead and Beamer help you because, I mean, the Benamor, because those cases the person spent more than a year in jail. Actually, I assume the government's position in those cases is we don't really care what the man says he knew. Ignorance of the law is no excuse. He's charged with constructive knowledge that he was a felon because he actually spent more than a year and day in jail. Is that the government's vision in those category of cases? Well, in those cases, right. That is so clear beyond doubt. Right. In other words, the government could prove beyond a reasonable doubt if it were to bear the burden of showing homicidal. Right. It could prove it could say beyond a reasonable doubt that the defendant knew. And therefore, under Cotton and Johnson at prong four. Right. It doesn't undermine the. It would under it would almost undermine the judicial function if we remanded those for an idle effort. When everybody knows, as a matter of fact, that the fellow was a felon. Right. Right. But here we we can't be we. I mean, he was a felon. Right. Right. Twice over. But we're we're not sure that he knew he was a felon. And the jury instruction is the inverse. No criticism of counsel or the judge because he had been decided. But the standard jury instruction we always saw before he was the inverse of what the government actually has to prove here. Right. Correct. No one knew at the time of this trial that the knowledge element would extend to the knowledge of status. But as I said, and again, I mean, I don't want to keep beating this drum, but there is more than just a stipulation. Right. You have a stipulation. You have him testifying, acknowledging that he was on probation for drug dealing. And then he's asked on his direct examination, was that for the felony mentioned in the stipulation? And he says, yes. But again, that go to Judge Phipps's prior question that goes to his knowledge at time of trial. I don't see anything in this record that tells us what his knowledge was regarding his status as a prohibited possessor of a firearm in 2014. There's there's nothing there. Right. Except inferences that we might draw from what he says later. But I think a fair inference from his testimony, I would be arguing this. I had tried this case and I had known that knowledge of status was an element that those admissions. And I mean, this is counterfactual because we had known. I don't think I think Mr. Barr would have stipulated to the knowledge element, too. He wouldn't have wanted this before the jury. But let's put us in that counterfactual world. I think there is a very fair inference from his testimony when he answers that question. Oh, was that for the felony mentioned in the stipulation? He says, yes. He's he's saying he knew that at the time that he was on probation for a felony conviction for for drug dealing. So you have to look at the stipulation and his testimony on his case. And I think you have ample evidence and knowledge. And then it really comes down to what is the burden that prom three. And even if he surmounts that with the fairness and reputation of judicial proceedings, would be undermined upon for if his court were to exercise its discretion to decline a remedy. What if? What if we said he satisfied the first three prongs that we focused on prong for? Isn't it sort of a salutary principle of law to articulate that any time we allow a conviction to stand? When an essential element of the offense was not proven, that undermines the judicial function. Well, I mean, if that were that, that's seriously under prompt for that would satisfy prompt for. Well, if that were so, though, then cotton and Johnson couldn't have come out the way they did. Right. Because in those cases, an essential element, at least Johnson was materiality. Cotton was an apprendi fact. Right. But both of those were not charged in the indictment and or not submitted to the jury. And yet the Supreme Court went straight to prompt for made a sub set. The first two prongs of plain error satisfied made an assumption about the third, but yet declined to correct the error because in both those cases, the there was overwhelming and undisputed evidence. Now, evidence of those elements. Correct. Right. Right. And here I don't know what the element of knowledge is because I what Mr. Barr knew in 2014 isn't is a blank slate for us, is it not? Well, other than the evidence that I pointed out to already. But remember, we usually prove knowledge circumstantially. Right. We rarely have direct evidence of someone's state of mind. So just make the case. Just make the punch. Make a punch list of what you've got. It says that he had knowledge at that time. And maybe if you can't get all the way there, then you have to lean into plain error pretty heavily. But but walk through the case. I can start it off for you. I think he had a prior conviction. Right. Whether he knew that that was a felony or not, I guess that I'll turn the baton to you now. I can say I can start one. I think that's not I think everyone can start at one. But but but run with it. What's your strongest case that he had knowledge? He satisfies the knowledge element at the time of his possession. Right. We have the stipulation. We have his testimony after the fact. OK. Right. We have this testimony. You want to infer back that that if he knew then he probably knew beforehand, too. Is that the inference? OK. All right. And then I'm going to wrap these together. Hopefully. Right. We he also testifies that he ran from the police because. He knew he was on probation for drug dealing. And so you need the inference from that, meaning that when he ran from police, it was because he understood that drug dealing was a felony offense at that time. He wouldn't run from police just for being having some other probationary offense, but for a felony probationary offense. So you have to for that to be probative, you have to show that it was his knowledge. It was a felony for some other offense. Is that correct? That's correct. But I'm not saying that's necessarily why he ran. I'm saying his acknowledgement that he had a prior conviction for drug dealing itself. And then that leads to the inference that drug dealing tends to be a felony offense. So is that where. OK. Correct. Why wouldn't he run? Because I don't know. I'm a criminal. I don't know categories like felony and so on. I just know based on what I've done, I'm not supposed to have a gun and I got a gun. And so I need to run and throw the gun away. Why isn't that a reasonable inference? It's an inference. But and again, I don't want to waffle across the line between sufficiency review where the evidence is reviewed and like most people, the government versus. Prong, threes and four of the plain error test for the instructional error. But I would say that's an argument he could have made at trial. I think we would have just as much a reasonable argument. And on sufficiency review, if to say that he's discarding the gun because it's known both in New Jersey and federally that you can't be a felon in possession of a firearm. And that's why he was so quick. He wanted to get rid of it. And he gave the alias. Right. So that's the last part when he was arrested. So, again, I think there's ample. That might just. I don't know. The difference I draw from the alias is please prosecute someone else, not the real me. I mean, isn't that that's pretty strong inference. I mean, from from alias to knowledge of prior felon conviction, everyone that gives an alias, we can make the inference that they have knowledge that they had a prior felon conviction. Pretty strong. Well, he knows he wanted to. But as he says, he's violated his probation. And so let me take this one step further, if I may. And I'm sorry, it's not an argument I articulately made in the briefing, but plain error review should look at the entire record. Right. Not just the trial record, especially not in a record that's circumscribed because of the old chief stipulation. Right. We couldn't make this record better because the defendant stipulated to his status as a prior felon. And that precluded the government from introducing more evidence. But you can look at the record. Right. As we exist. And you see. And when we made the rule six or nine motion, could we cross examine the defendant with his prior convictions? There were two listed. Right. Both third degree offenses, both for drug dealing. He had served 277 days. We never argued in our supplemental letter that he had served four years after the fact. And that's why you should infer knowledge that's in the record. But we haven't argued that that comes afterwards. We couldn't say anything about his knowledge beforehand. But the fact that he has two New Jersey convictions for third degree offenses. And I can promise you, having been a defense attorney in New Jersey before coming to work for the government, at every guilty plea hearing, there is the same identical rule 11 form, more or less. And that has to be filled out in federal court in order to plead guilty. And on page one is the offense you're pleading to and the maximum penalty. So, again, that's not part of this record, but it's not part of this that the form you filled out. That sounds like an argument for an easy win on remand. Well, it would be an easy win on remand. And I dare say if your honors were to grant a remedy, there would be a stipulation to the knowledge element as well. There would be no this trial wouldn't be conducted any differently. So is the old chief argument is that does that relate to I mean, are you submitting that as a strong for argument under plain error review? Is that is that where old chief comes in? Is it is you articulated? Yes, because if you know to us to a fairly well that this trial is going to be conducted exactly the same way and lead to the exact same outcome, then it is right. It's not going to undermine the fairness and reputation of public proceedings not to grant a remedy. I would be very surprised if with two prior felony convictions and when we get the plea transcripts from state court or the rule 11 form showing on page one that he is he is admonished that he's pleading guilty to an offense that carries a five year term of imprisonment, that he's getting five years of probation, meaning if he violates, he could serve up to five years, that he is going to contest meaningfully the element of knowledge. May I add one thing to that about the standard, because I don't want to leave this on the table, but there's been some argument in the briefing and here this morning that there is somehow a willfulness requirement. They haven't used that term, but that he has that the defendant has to actually know that the law prohibits felons from carrying a firearm. That's not what he says. He just says that gets into ignorance of the law land. Right. Right. But he's got to know he's a felon. Right. Right. Or does he have to know he's a prohibited person or I mean, no, he's a felon, the magic word. But but in many states, you know, there are multiple misdemeanors that are punished more severely than felonies. And so that word felon doesn't have the same currency it once had when felony meant crime punishable by death. Right. So my prior question, a streetwise person might know I'm not supposed to have a gun. They might not know I'm a felon, but they probably know I shouldn't have this gun on me. Right. And to answer both questions, you're correct. The term felony is not the magic word. It's crime punishable by more than one year. But that's all you have to know. The law presumes that, you know, that if you are in knowing possession of a weapon and you have one of the statuses listed in 922 G. Right. Then you are presumed to know you are violating the law. But Rahate doesn't say you have to know that 922 G makes knowing possession an offense. You're presumed to know that. So I just want that to be clear. This is an argument that's being run up a flagpole in various circuits to try to add a willfulness requirement. And we know Congress didn't intend that because there's another part of 924 a one that actually does contain a sexual willfulness requirement and its absence here shows that Congress didn't intend that. I see my time is up. Does the panel have any additional questions? Anything else? Thank you, Mr. Sanders. We'll hear Mr. Gill. Excuse me. We'll hear Ms. Gill's rebuttal. Your Honor, felony is not defined the same in every single state. And in New Jersey, they're not even defined as felony. They're defined as indictables. And even for indictables, people can get probation. That is what has happened here. Rahate wants this court, every court, to the actual knowledge not be an inference. In the Supreme Court decision, the court says the inquiry starts from the longstanding presumption that the Congress intends to require defendant possess the culpable mental state regarding each and every statutory element of the offense. And then it moves on to say. But can a jury find actual knowledge through inference? Can a jury find actual knowledge through inference? Juries are amazing people. They can find many things. But I think that I did. I think they can. Yes, absolutely. But it has to be it wasn't brought in this case. We didn't know it was available. We didn't know it was supposed to happen. But the inference is not enough. The Supreme Court. What about Mr. What about Mr. Sanders implicit argument that this is all an idle exercise? Because when you go back down on remand, you're going to look at the guilty plea colloquy. Maybe for both crimes, not just one. And it's going to be patent on that record that that he was a felon. And since he was standing there in front of the court when the court told him what his crimes were punishable by, then he's charged with knowledge that he's a prohibited person. Well, I that leads me. I think of that all the time with my current clients. Now, if I know that the government can prove at least two elements of this offense, how do I advise my client to move on from here? How do we determine whether we go to trial or not? I think they're asking that saying, you know what? If we go back and talk, if we look now at what may happen, what's going to happen. If we look now at what's actually going to happen in that court that justifies now not giving the relief that the Supreme Court says we have to give. Even if it turns out that Mr. He goes back and it's determined that that was proven at the time that this trial took place, it wasn't proven. And the Supreme Court says that's not enough. It goes to the substantial. Right. Right. So even if it's an idle exercise, it's it doesn't matter. The point is, the point is he's entitled to relief now, regardless of whether he's entitled to relief on remand. Exactly. And how does that if the results the same, how does that substantially affect the fairness, integrity and reputation of a court? Well, he was a surprise to all of us. You know, it's simply it is what it is. We have to deal with it today. It does. My client has been in custody five and a half years. That is a substantial amount of time that he has spent in custody. The Supreme Court said we're looking at the knowledge in this case required for the defendant at the time because it's pretty serious. This isn't something that this isn't something not serious. So my question went to, though, not how we get here, but looking at it, the similarity of results. If it sounds like the result is going to be very similar through a new trial. I mean, maybe your client, I think I drew an inference from what you said. He's been in jail five and a half years. That's he's been in jail over 60 months. Correct. His sentence was 80 months. Correct. Plus good time credit if he has it. Correct. Then how do we guess what you're really looking for? You're and you don't have to answer this, but if I were you, I'm thinking, why would the government waste its time? When he's got so little time left on a sentence, that might be the case. Right. And this particular case, yes. But you just want to know how it's if the result would be the same and maybe it won't be. But if it would be the same new trial based on maybe old chief stipulations, it might be broader. This go around as to knowledge at the time to prevent the jury from hearing all the details of prior convictions. How would this assume that you run the first three elements of plain error review? How would would an error, at least an error that makes the first three elements seriously affect the fairness, integrity and reputation of a court? But if the results are going to be the same, even if the result is the same, your honor, the point is can can these results ensure the people of this country that this is a fair system, that justice still prevails? That it's not that it's not blind to the mandates of the Supreme Court. Do you have faith in a system of justice that will uphold this law regardless if it's a waste of time thereafter? You're supposed to do what the Supreme Court says you're supposed to do. You're not stipulating it would. It's a waste of time. We're talking about that. Hypothetically, we're not stipulating that it's a waste of time. Absolutely not. It's simply to. We're not sure what's going to happen on remand. No, judge. If it gets remanded, if it gets remanded. However, I'd be very excited. All right. All right. Thank you very much, Ms. Gillen. Thank you, Mr. Sanders. You were both extremely helpful in court and we'll take the matter under advisement. Thank you.